IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BONITA WATLINGTON                                                                    PLAINTIFF

v.                                        NO. 3:15-CV-227-BD

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                       DEFENDANT

ORDER AFFIRMING THE COMMISSIONER

Bonita Watlington filed this action seeking judicial review of the denial of her applications for social security disability benefits.  Ms. Watlington claims disability beginning April 24, 2009.  (R. at 59, 71).  She initially based her disability claim on fibromyalgia, cervical neck spasms, carpal tunnel syndrome, and degenerative disk disease.  (R. at 59).  The administrative law judge (ALJ) held a hearing on Ms. Watlington's claims and issued a decision denying the claims.  (R. at 19–30).  The Social Security Administration's Appeals Council declined to review Ms. Watlington's case, making the ALJ's decision final.  Ms. Watlington then sought review by this Court.  For the reasons explained below, this Court affirms the ALJ's decision.

I.      The Commissioner's Decision

The ALJ found that Ms. Watlington had not engaged in substantial gainful activity since her alleged onset date of April 24, 2009.  (R. at 21).  At step 2 of the five-step process, the ALJ determined that Ms. Watlington had several severe impairments: degenerative joint disease of the spine, fibromyalgia, and carpal tunnel syndrome.  (R. at 21).  At step 3, the ALJ found that Ms. Watlington's

impairments did not meet or equal the requirements of any listing of 20 C.F.R., Part 404, Subpart P, App. 1. (R. at 23–24).

The ALJ found that Ms. Watlington had a residual functional capacity to perform light work with the additional limitations. She could crouch only occasionally, should avoid exposure to extreme cold, and could frequently handle, finger, and feel. (R. at 24). The ALJ found Ms. Watlington's alleged impairments were supported by the medical evidence provided but found her testimony not to be entirely credible concerning the intensity, persistence, and limiting effects of her symptoms. (R. at 24–25).

The ALJ noted that two State agency medical consultants opined that Ms. Watlington could work at the light exertion level. (R. at 27). The ALJ accorded these opinions great weight due to their consistency with the medical evidence. (R. at 28).

Based on the residual functioning capacity and testimony from the vocational expert, the ALJ found that Ms. Watlington could perform past relevant work as an apartment complex manager or an order filler. (R. at 28). As a result, the ALJ determined that Ms. Watlington was not under a disability at step 4 of the five-step evaluation process. (R. at 29–30).

II.   Discussion

The Court must determine whether substantial evidence supports the Commissioner's findings. Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is less than a preponderance, but is more than a mere scintilla. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009). It is "enough that a

reasonable mind would find it adequate to support the ALJ's decision." Id. (citation omitted). While this Court will consider evidence that both supports and detracts from the Commissioner's decision, it will not reverse simply because substantial evidence supports a contrary outcome. Prosch, 201 F.3d at 1012.

Ms. Watlington alleges three errors. She first claims that substantial evidence does not support the ALJ's residual functional capacity determination. The other errors she claims are related to the residual functional capacity determination. Ms. Watlington argues that the ALJ erred in giving great weight to the State agency medical consultants. Finally, she claims that the ALJ erred by failing to develop the record, arguing that the ALJ should have ordered a consultative examination or questioned Ms. Watlington's treating physician.

A.  The ALJ's Residual Functional Capacity Determination

Ms. Watlington maintains that the ALJ erred in determining that she could perform light work. In this case, medical evidence was presented showing diagnoses of degenerative joint disease, fibromyalgia, and carpal tunnel syndrome. (R. at 383, 455). Ms. Watlington testified that her pain had caused her to quit working. (R. at 42). She testified that she hurt after sitting for long periods and standing for about thirty minutes at a time. She used hot baths, ice packs, and heating pads to relieve her pain. (R. at 44–46).

While considering this evidence, the ALJ found that Ms. Watlington's credibility was reduced by other evidence. Prior to the hearing, Ms. Watlington stated that she left her last job due to the loss of a family member. (R. at 199). Forty months after the alleged onset date, she reported attempting to use a

chainsaw to cut down a tree. (R. at 269). She admitted to inconsistent use of wrist splints, stating that she only used them when her symptoms increased. (R. at 279). She reported engaging in regular daily activities and housework, including caring for her ailing mother. (R. at 219–25). Medical records showed a normal range of motion and normal strength in the extremities. (R. at 419). Diagnostic testing showed only mild carpal tunnel syndrome. (R. at 455).

It was the ALJ's province to weigh all of this evidence, and she clearly considered both the evidence supporting a finding of disability and the evidence counter to such a finding.

While the evidence clearly shows that Ms. Watlington had the impairments she claimed, their intensity is called into question by other evidence, particularly Ms. Watlington's engagement in regular activities of daily living and her inconsistency in seeking treatment. Those factors tend to indicate that her conditions were not disabling. Furthermore, Ms. Watlington cared for her mother, who suffered from dementia. This also supports a finding that she was able to engage in some work.

The Court will not disturb the findings of the ALJ where a reasonable mind could conclude from the evidence that a claimant is not disabled. In this case, substantial evidence supports the ALJ's conclusion.

B. The Medical Consultants' Opinions

Ms. Watlington maintains that the ALJ erred in giving too much weight to the opinions of the State agency's medical consultants. She points to a handful of cases dealing with the issue of the appropriate weight due a medical consultant's

opinion, but these cases differ from the facts here.  See Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998)(ALJ failed to credit treating physicians in favor of consulting physicians who never examined the claimant); Woodard v. Schweiker, 668 F.2d 370, 373 (8th Cir. 1981)(ALJ agreed to be bound by the opinion of the medical advisor, abdicating his decision-making role, and failed to consider treating physician's report because it was not correctly formatted).

In this case, the ALJ credited the opinions of State agency doctors, "because the opinions of Dr. Neale and Dr. Norcross are consistent both with the claimant's demonstrated impairments and with her remaining function."  (R. at 28).  The ALJ did not abdicate the role of fact-finder and decision-maker; nor did the ALJ disregard the opinions of treating physicians in favor of the consulting physicians.  Here, the ALJ considered the opinions of consulting doctors and found them consistent with all other evidence in the record.  The ALJ did not blindly accept consulting physicians' opinions, but rather, weighed their opinions along with other evidence in the record.

C.  Development of the Record

Ms. Watlington contends that the ALJ should have ordered a consultative examination to fully develop the record concerning her carpal tunnel syndrome. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision.  Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985). An ALJ is obligated to order an examination, however, only if there is not sufficient

medical evidence to determine whether the claimant is disabled. Martise v. Astrue, 641 F.3d 909, 926–27 (8th Cir. 2011).

Here, the ALJ was not required to order additional examinations. There was sufficient evidence in the record about Ms. Watlington's carpal tunnel syndrome, including her testimony. Records showed that Ms. Watlington's carpal tunnel syndrome was mild. Furthermore, Ms. Watlington had not consistently used the wrist splints that her physicians prescribed. The medical evidence was sufficient for the ALJ to make an informed decision regarding Ms. Watlington's carpal tunnel syndrome.

III. Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's findings that Ms. Watlington has the residual functional capacity to perform light work. The ALJ committed no error in assigning great weight to the consultative physicians' opinions. No consultative examination was necessary to develop the record concerning carpal tunnel syndrome. The Secretary's decision is hereby affirmed.

It is so ordered this 26th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE